NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

MAY 2 2 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-107-JMH

HARMON BARNES                                                    PLAINTIFF

VS:          **MEMORANDUM OPINION AND ORDER**

VERIZON CORPORATION                                              DEFENDANT

Harmon Barnes, the *pro se* plaintiff, lists his address as 329 Mockingbird Lane, Lexington, Kentucky, 40503. Plaintiff filed a civil rights complaint asserting claims under the Family Medical Leave Act, 28 U.S.C. §2601 *et seq*. [Record No. 1]. The named defendant is the "Verizon Corporation" (no address given).

Although the plaintiff submitted a motion to proceed *in forma pauperis* [Record No. 2], the Court required additional financial information from the non-prisoner plaintiff in order to determine if he qualified for pauper status. Accordingly, on April 17, 2006, the Court entered a "Deficiency Order" [Record No. 3]. In that Order, the Court instructed the plaintiff to provide the Court with: (1) a four-page form/affidavit of assets/ "Motion to Proceed In Forma Pauperis" for **non-prisoner** plaintiffs, and (2) allegations that administrative remedies either were not available or had been exhausted.

The Court clearly advised the plaintiff that if he failed to comply within 30 days, the Court would dismiss the complaint for want of prosecution [*Id.*, ¶3]. The "Deficiency Order" also stated that if the Court dismissed the complaint on these grounds, it would not be reinstated

to this Court's active docket despite the subsequent payment of the filing fee [*Id.*]. The record reflects that on April 17, 2006, the Clerk of the Court mailed a copy of the "Deficiency Order" to the plaintiff at his address [*See Id.* (Attachment: Clerk's Notation)].

There is no indication in the record that the copy of the "Deficiency Order," which the Clerk of the Court mailed to the plaintiff on April 17, 2006, was returned to the Court as "Undeliverable" for any reason. The plaintiff has neither responded to the "Deficiency Order" nor requested an extension of time in which to do so.

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). The plaintiff bears some responsibility in pursuing his claims in timely fashion. His failure to respond to the "Deficiency Order" is an abandonment of his claims. The Court will dismiss the complaint, without prejudice, for want of prosecution.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**. Judgment shall be entered contemporaneously with this memorandum opinion in favor of the Defendant.

This the 22d day of May, 2006.

JOSEPH M. HOOD, CHIEF JUDGE